**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHERDINA WILLIAMS | |
| Appellant | No. 2728 EDA 2014 |

Appeal from the Judgment of Sentence August 27, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0910111-2002

BEFORE:  GANTMAN, P.J., PANELLA, J., and OLSON, J.

MEMORANDUM BY PANELLA, J.                **FILED SEPTEMBER 15, 2015**

Appellant, Sherdina Williams, appeals from the judgment of sentence entered August 27, 2014, by the Honorable Christopher R. Wogan, Court of Common Pleas of Philadelphia County. At issue in this appeal is whether a sentencing judge is required to recuse himself after this Court vacated a sentence due to apparent bias and remanded for re-sentencing. After careful review, we conclude the trial court did not abuse its discretion when it refused recusal.

The genesis of this appeal is a judgment of sentence imposed when Williams's probation was revoked, after she repeatedly violated the probationary terms by committing new crimes.[1] This term of probation was

---

[1] The certified record on appeal does not contain any document whereby this panel can confirm the procedural history of this matter prior to September
*(Footnote Continued Next Page)*

imposed after Williams pled guilty, on October 15, 2001, to various charges stemming from her actions in burglarizing several Catholic institutions. On that same day, Williams was given an aggregate sentence of 11½ to 23 months' imprisonment with immediate parole to an inpatient program, followed by ten years' probation.

On January 16, 2002, Williams was arrested after attacking a police officer with a pair of scissors. On April 18, 2002, Williams pled guilty to aggravated assault before the Honorable Sheila Woods-Skipper. The precise nature of this sentence is unknown.

The incident relevant to this appeal took place on September 7, 2002, when Williams broke into an employee's office at Friends Hospital. The victim caught Williams sitting behind her desk, rummaging through her belongings. Once confronted, Williams attempted to escape by shoving the victim and a security guard out of her way. A bench trial was held on January 3, 2003, before the Honorable Christopher R. Wogan. Williams was found guilty of burglary and simple assault.

On February 12, 2003 Williams was sentenced to an aggregate term of 40-80 months' imprisonment, followed by 24 months' probation. On March

_(Footnote Continued)_ ───────────

2002. However, a review of the parties' brief and trial court's opinion reveals no objections to the history set forth by this Court in **Commonwealth v. Williams**, 69 A.3d 735 (Pa. Super. 2013), _appeal denied_, 83 A.3d 415 (Pa. 2014). We therefore take judicial notice of the history as set forth in that case.

6, 2003, the sentencing court granted a motion for reconsideration and reduced Williams's sentence to 36-72 months' imprisonment, followed by 24 months' probation.

Due to the new convictions, the Honorable James J. Fitzgerald, III, (who is now a senior judge on this Court) revoked Williams's parole and ordered her to serve the balance of her original sentence of imprisonment for the 2001 charges.

Williams served six years of imprisonment and was released in 2009. On January 24, 2010, while on probation, Williams was arrested in relation to a traffic accident. On September 3, 2010, the Honorable Joseph J. O'Neill sentenced Williams to three days to six months of imprisonment and six months' probation for driving under the influence of a controlled substance and to two years' probation for causing an accident that led to personal injury or death.

On April 3 and 4, 2010, Williams and an accomplice were involved in three separate burglaries, each inside of a Catholic Church or convent. On March 4, 2011, Williams appeared before the Honorable Joseph A. Smyth and pled guilty to three counts of burglary. Following the guilty plea, Williams was sentenced to an aggregate term of seven to 20 years of imprisonment.

On June 1, 2011, Williams appeared before Judge Wogan for a probation violation hearing on the multiple outstanding sentences stemming from the 2001-2002 criminal charges, including the instant case. At the

conclusion of this hearing, Williams's probation was revoked. On July 20, 2011, Williams filed a motion for recusal, which the court denied after a hearing. On September 30, 2011, Williams was sentenced to an aggregate term of 24 to 48 months of imprisonment, followed by one year of probation. During sentencing, the trial court made a series of inappropriate statements.

Williams appealed the sentence, arguing it was excessive and that the trial court erred in refusing to recuse. In **Commonwealth v. Williams**, 69 A.3d 735 (Pa. Super. 2013), *appeal denied*, 83 A.3d 415 (Pa. 2014), a panel of this Court vacated the sentence and remanded for resentencing. The panel (the Honorable Christine L. Donohue filed a concurring statement in which she concurred in the result) held that "[t]he sentence imposed was unreasonable in its application of the principle of proportionality and, therefore, it was manifestly excessive." **Id**., at 744.

The panel further held that "[the] accumulation of inappropriate remarks [by the court during sentencing] leads us to conclude that Appellant's sentence cannot be divorced from the appearance of bias." **Id**. More specifically, finding that "[t]he trial court's bias or partiality was demonstrated by its focus on repairing or correcting the perceived mistakes of prior judges … " **Id**., at 749. The panel also noted that the excessive focus on Williams's motive towards the specific "victimization of the Catholic Church … [was] unsupported by the record." **Id**. Again unsupported by the record and further demonstration of bias was the sentencing court's "use or misuse of pseudo-medical terminology to describe Appellant's mental

health." *Id*. The panel also highlighted the "improper consideration of Appellant's gender and the court's subjective comparison of Appellant to other members of Appellant's gender that were sentenced in his courtroom." *Id*.

However, the panel concluded that Williams had "not met her burden of demonstrating bias during the preceding VOP hearing." *Id*., at 750. Their review of the record revealed that while there was evidence of bias during the VOP hearing, "[i]t was not until that pattern of inquiry continued throughout the course of the subsequent proceedings that the appearance of bias rose to a critical level." *Id*. Thus, they concluded that Judge Wogan did not abuse his discretion in refusing to recuse since it was prior to the sentencing hearing, and remanded for a new sentencing hearing. *See id*.

On remand for re-sentencing, Williams again moved for recusal. On August 27, 2014, after the recusal hearing, the trial court requested the cases originally before Judge Fitzgerald be reassigned. This left only the burglary case, the one originally heard by Judge Wogan, in which he denied the motion to recuse himself. Judge Wogan proceeded to sentence Williams to 2-4 years of imprisonment for violating her probation in the 2002 burglary case. This timely appeal follows.

Williams's lone argument on appeal is that the trial court erred and abused its discretion in denying the motion for recusal. When addressing a recusal motion we presume that judges of this Commonwealth are honorable, fair and competent, and, when confronted with a recusal

demand, have the ability to determine whether they can rule impartially and without prejudice. *See Commonwealth v. White*, 734 A.2d 374, 384 (Pa. 1999). Our standard of review for denying a recusal motion is well settled.

> It is the burden of the party requesting recusal to produce evidence establishing bias, prejudice or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially. As a general rule, a motion for recusal is initially directed to and decided by the jurist whose impartiality is being challenged. In considering a recusal request, the jurist must first make a conscientious determination of his or her ability to assess the case in an impartial manner, free of personal bias or interest in the outcome. The jurist must then consider whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary. This is a personal and unreviewable decision that only the jurist can make. Where a jurist rules that he or she can hear and dispose of a case fairly and without prejudice, that decision will not be overruled on appeal but for an abuse of discretion. In reviewing a denial of a disqualification motion, we recognize that our judges are honorable, fair and competent.

*Commonwealth v. Abu-Jamal*, 720 A.2d 79, 89 (Pa. 1998) (internal citations omitted).

Williams makes no reference to any action—nearly three years after the original indiscretion—that would point to the trial court's inability to conduct an impartial sentencing hearing. Rather, Williams seems to contend that the trial court is biased against her. The question of whether a particular judge has "a *personal* bias or interest which would preclude" the ability to be impartial "is a personal and unreviewable decision that only the jurist can make." *Goodheart v. Casey*, 565 A.2d 757, 764 (Pa. 1989) (emphasis in original). Furthermore, the trial court's self-assessment of

whether its continued involvement creates an appearance of impropriety remains unreviewable, absent an abuse of discretion. *See Abu-Jamal*, 720 A.2d at 89.

The trial court's decision to deny the recusal motion was not an abuse of discretion. After acknowledging the comments made during the 2011 hearing were inappropriate, the trial court transferred the probation violations in which Judge Fitzgerald originally presided over, an obvious attempt to diminish any appearance of bias, as it left only the case that the trial court had originally heard.

In the alternative, Williams contends that "the lower court deliberately misapprehended the Superior Court['s] holding[,] by which it is bound." Appellant's brief, at 10. Although recusal on remand was not explicitly ruled out, the panel concluded in *Williams* that "Judge Wogan did not abuse his discretion at the time he refused to recuse himself." 69 A.3d at 750. Williams simply has not met her burden of showing that the order required recusal on remand.

Judgement of sentence affirmed.

President Judge Gantman joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/15/2015